IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

September 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9610-CC-00374 |
| | * | |
| Appellee, | * | ANDERSON COUNTY |
| VS. | * | |
| | * | Hon. James B. Scott, Jr., Judge |
| MIKI EDWARD GOLDEN, | * | |
| | * | (Violation of Implied Consent) |
| Appellant. | * | |
| | * | |

For Appellant:

Michael W. Ritter
131 East Tyrone Road
Oak Ridge, TN  37830

For Appellee:

Charles W. Burson
Attorney General & Reporter

Sandy R. Copous
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Jan Hicks
Assistant District Attorney General
127 Anderson County Courthouse
Clinton, TN  37716

OPINION FILED: _____

REVERSED

GARY R. WADE, JUDGE

**OPINION**

_____The defendant, Miki Edward Golden, appeals from the judgment of the

trial court suspending his driver's license for six months after finding that he violated the implied consent law defined in Tenn. Code Ann. § 55-10-406. The issue is whether the defendant had adequate notice of the charge. Because he did not, we must reverse.

The defendant was arrested for driving while intoxicated (DUI) on February 20, 1994. While at the police station, he refused to take a blood or breath alcohol test even though the officer advised him of the possible consequences of refusal. The DUI charge was first tried in the general sessions court and resulted in a guilty verdict. On de novo appeal before the trial judge in the circuit court, the defendant was found not guilty of DUI. The trial judge did, however, enter an order finding the defendant in violation of the implied consent law and suspended his driver's license for six months. The defendant filed a motion in arrest of judgment, claiming that the state failed to give him notice of intent to suspend his license for violation of the implied consent law. In response, the state argued that the affidavit on the DUI arrest warrant, providing that the defendant refused the test after being warned of the consequences, served as proper notice. The trial judge denied relief.

The defendant contends that the state failed to give him proper notice of intent to suspend his driver's license and that the circuit court had no jurisdiction to find any violation of the implied consent law because the issue was not raised in the de novo appeal. The state concedes that the defendant never received proper notice of intent to suspend the defendant's license and therefore the conviction is invalid.

Section 55-10-406 of the Tennessee Code Annotated gives law enforcement officials the right to require a blood or breath alcohol test to anyone

arrested for driving under the influence. If a defendant fails to submit to such a test after being informed of the potential consequences of a refusal, the state may take action to suspend the defendant's driver's license for six months.[1] Tenn. Code Ann. § 55-10-406(a)(3). Subsection (a)(3) states that the determination of a violation of the implied consent law shall be made at the same time and by the same court that disposes of the original arresting offense; however, the code clearly states that violation of the implied consent law is not a criminal offense. Id.

Tenn. Code Ann. § 55-10-406(c) provides as follows:

> Prior to suspending the license of any person as authorized in this section, the department shall notify the licensee in writing of the proposed suspension, and upon request, shall afford the person an opportunity for a hearing ....

Here, the defendant was not given notice that the state intended to suspend his license. While the factual summary in the arrest warrant may have noted the defendant's refusal to submit to the test, the statute defining proper notice clearly states that the state "shall notify the licensee in writing of the proposed suspension." A lesser notice of the violation is not sufficient under the plain reading of the statute.

The record is void of any notice given to the defendant that the state intended to suspend his license for violation of the implied consent law. The general sessions court limited its ruling as follows: "After review of all the evidence and the arguments of counsel, the court is of the opinion that the defendant is guilty of driving under the influence." Implicit in this ruling is that the state did not pursue the issue of violation of implied consent during its original prosecution of the defendant. These facts support the state's concession that the defendant did not receive proper notice of a pending driver's license suspension under Tenn. Code Ann. § 55-10-406(c). Because the defendant never received sufficient notice of the intent to

---

[1] In 1996, the length of suspension was increased from six to twelve months.

3

suspend, the issue of whether the circuit court had jurisdiction over the implied consent violation is moot.

We therefore reverse the judgment of the trial court.

_____
Gary R. Wade, Judge

CONCUR:

_____
Paul G. Summers, Judge

_____
William M. Barker, Judge

4